UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

KURT J. LOWE,

    Petitioner,

v.

EDWARD PRINDLE, JAILER,

    Respondent.

Civil Action No. 2: 14-104-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Kurt J. Lowe is a pre-trial detainee confined at the Boone County Jail in Burlington, Kentucky. Proceeding without an attorney, Lowe has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] The Court has granted Lowe's motion to waive payment of the filing fee by prior order.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Lowe's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

# I

In his petition, Lowe indicates that he is being held in the Boone County Jail facing criminal charges filed against him in *Commonwealth v. Lowe*, No. 13-CR-710 (Cir. Ct. Boone Co. 2013). Lowe contends that he is the victim of selective prosecution, the trial court improperly denied him bail, he is being mistreated by jail officials, the trial court has denied him his right to a speedy trial, the prosecution has failed to disclose exculpatory materials under *Brady*, he was not permitted to present evidence to the grand jury, he is being punished for representing himself in the criminal case, the Kentucky State Police are impeding a criminal investigation, and the state court clerk is falsifying records. [R. 1]

On June 18, 2014, Lowe also filed a motion to correct certain clerical errors in his petition, and to supplement his petition to reiterate his claims of misconduct by prosecutors, judges, correctional officers and clerks office staff. Lowe's motion also requested that the Court schedule a hearing so that he could present oral argument, witnesses and documentary evidence in support of his petition. [R. 10] Lowe reiterated his request for a hearing in his "Motion to Compel Hearing." [R. 13] The Court will grant Lowe's motion to correct and supplement his petition, and will consider the materials contained in his motion as part of the petition. The Court will deny both of his requests for a hearing on his petition for the reasons set forth more fully below.

Lowe has also filed a "Motion to Report Fraud." [R. 12] However, the motion itself contains no substance, but merely refers to attached documents that were filed in a 2008 civil proceeding involving Lowe. These documents have no self-evident relevance to the 2013 criminal proceeding which forms the basis for Lowe's current petition, and the Court will not

2

guess as to their meaning in relation to his current habeas claims. The Court will therefore deny this motion.

On July 3, 2014, Lowe filed a "Verified Complaint," in which he requests that this Court take action of an unspecified nature to protect Lowe's rights. Apparently because of the relief Lowe requested in his Verified Complaint, the Clerk of the Court docketed this document as a "Motion for Order to protect rights of Petitioner and make reports to proper authorities." [R. 14] In this document, Lowe describes events occurring as early as 2006 involving alleged corruption by local officials and his criminal prosecution in an earlier case. [R. 14, ¶1-30] With respect to his allegations regarding his current criminal case, Lowe alleges that two judges were not impartial, although it appears that both have since recused. The Court construes this document as a motion to amend the petition; the Court will grant that motion, and consider the allegations contained in the "Verified Complaint" as part of its screening of the petition.

Lowe has also filed a "Motion to Report Complicity to Fix This Case." [R. 18] In that document, Lowe alleges that Judge Reinhardt Ward – who is apparently now presiding over Lowe's criminal case – participated in a conspiracy with the defendants because she denied him access to certain funds, failed to order the disclosure of certain documents, refused his request to review bail, and held him in contempt of court. As with its predecessor, the Court construes this motion as a request to amend his petition with factual allegations regarding proceedings in his criminal case. So construed, the Court will grant this motion.

Lowe has also sent a number of letters directly to the judge presiding over this matter; all have been forwarded to the Clerk and docketed in this matter as part of the record. [R. 6, 11, 16, 17, 19, 21, 22] Some of these letters complain of mistreatment at the jail, others reiterate

3

allegations made in the petition or in formal motions, still others complain that the Clerk's Office is not providing Lowe with confirmations of his filings.

In the future, Lowe must direct questions or requests regarding copies, the status of a case, or the filing of a document solely to the Clerk's Office – not to the presiding judge. The Clerk of the Court is required by the District Court Miscellaneous Fee Schedule to charge all parties – including those proceeding *pro se* and/or *in forma pauperis* – for copies. The Clerk may, but is not required to, provide a copy of the docket sheet without charge as a courtesy to indigent plaintiffs, but the Clerk may justifiably limit how often such copies are provided *gratis*.

Any request for substantive relief in a case must be made by formal motion pursuant to Local Rule 7.1, which should be mailed to the Clerk's Office. Once it is filed into the record, the Clerk will advise the Court that a motion has been filed. It is not acceptable for any party to send an informal letter directly to a judge for this purpose. Any document which is not properly and formally styled as a motion shall be returned, unfiled, by the Clerk of the Court.

Third, a habeas corpus petition filed under § 2241 by a pretrial detainee in state custody may be used to challenge his prosecution prior to judgment, *cf. Phillips v. Court of Common Pleas, Hamilton Co., Ohio*, 668 F. 3d 804, 809 (6th Cir. 2012), but matters concerning the conditions of confinement at the jail are not cognizable in this habeas proceeding. Because such claims which must be pursued under the civil rights laws under 42 U.S.C. § 1983, the Court does not consider them here.

Finally, Lowe filed a "Motion for Disclosure, Disqualification & Report Misconduct" in which he asserts that the United States Marshals Service, a docketing clerk in the Court's Clerks Office, and Judges Amul Thapar, William Bertelsman, and David Bunning, are not impartial or have a conflict of interest within the meaning of 28 U.S.C. §§ 144, 455. For relief, he requests

that these parties disclose conflicts of interest, and that the Clerk's Office provide him with "confirmations" when documents are filed into the record. [R. 20] This motion will be denied as without merit. As a threshold matter, both § 144 and § 455 apply only to judges - not to court staff or federal marshals - and only to the judge presiding over the matter in question. More fundamentally, even if actual or perceived bias is found, the statutes require only recusal or disqualification; disclosure of the disqualifying grounds is only necessary if a party seeks a waiver of the appearance of bias pursuant to § 455(e).

## II

Pursuant to 28 U.S.C. § 2243, the Court has conducted its initial review of Lowe's habeas corpus petition, including those documents indicated above that effectively amend or supplement the petition, and which the Court has permitted to be considered as part of the basis for his claims for relief. Viewed collectively, these documents set forth Lowe's contention that the criminal prosecution against him violates his constitutional rights in light of alleged misconduct by the presiding judges, prosecuting attorneys, defense attorneys, jail staff, court staff and others.

The Sixth Circuit has explained that while "a pretrial detainee may petition for habeas relief, [] such claims are extraordinary." *Christian v. Wellington*, 739 F. 3d 294, 297 (6th Cir. 2014). This is because "if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner," a federal court should abstain from exercising its habeas jurisdiction under § 2241 until after the petitioner exhausts his available state court remedies by giving state courts the first opportunity to adjudicate his challenges to the propriety of the prosecution. *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir. 1981); *Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir. 1979) (acknowledging federal courts' authority to consider a habeas corpus petition before a judgment of conviction is

5

entered, but noting that "considerations of federalism counsel strongly against exercising the power except in the most extraordinary circumstances"). As a result, petitions for pretrial habeas relief are typically denied. *In re Justices of Superior Court Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17-18 (1st Cir. 2000).

There are two generally-recognized exceptions to this rule. First, a claim that the state prosecution violates the Double Jeopardy Clause may be considered notwithstanding the abstention principles set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *See Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). Second, a claim that petitioner's right to a speedy trial is being violated may be considered, but only if (1) the petitioner has exhausted his state court remedies, and (2) the petitioner requests an order compelling the state to grant him a speedy trial, rather than seeks dismissal of the state charges against him. *Cf. Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1043 (S.D. Ohio 2011); *Smith v. Hall*, No. 3:12-CV-1022, 2013 WL 587479, at *2 n.2 (M.D. Tenn. Feb. 13, 2013).

Of all of the claims made by Lowe, only his speedy trial claim could conceivably fall within the scope of these exceptions. However, Lowe has not yet exhausted his available state remedies regarding this claim, and the only specific demand for relief Lowe makes in his petition is for the Court to release him from the custody of the Boone County Jail, [R. 1, p. 16], making consideration of even this claim impermissible. *Cf. Coleman v. Ahlin*, 542 F. App'x 549, 551 (9th Cir. 2013). The Court will therefore deny his petition without prejudice to afford him the opportunity to exhaust his remedies available through the Kentucky court system prior to seeking federal habeas relief.

Accordingly, **IT IS ORDERED** that:

1. Lowe's motion to correct errors in his petition and to supplement his petition [R. 10] is **GRANTED**; Lowe's motion requesting a hearing to present oral argument, witnesses, and evidence [R. 10] is **DENIED**.

2. Lowe's "Motion to Compel Hearing" [R. 13] is **DENIED**.

3. Lowe's "Motion to Report Fraud" [R. 12] is **DENIED**.

4. Lowe's "Motion for Order to protect rights of Petitioner and make reports to proper authorities" [R. 14], construed by the Court as a motion to amend the petition, is **GRANTED**.

5. Lowe's "Motion to Report Complicity to Fix This Case" [R. 18], construed by the Court as a motion to amend the petition, is **GRANTED**.

6. Lowe's "Motion for Disclosure, Disqualification & Report Misconduct" [R. 20] is **DENIED**.

7. Lowe's petition for a writ of habeas corpus [R. 1] is **DENIED**.

8. The Court will enter a judgment contemporaneously with this order.

9. This matter is **STRICKEN** from the docket.

Dated July 24, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY